ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RALPH MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-051 |
| | ) | |
| TIM FLOWERS, | ) | |
| | ) | |
| Defendant. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a former inmate who has been paroled to Crescent Ridge Nursing Home in Eastman, Georgia, filed this action pursuant to 42 U.S.C. § 1983 in the Middle District of Georgia. Pursuant to the Order of the Honorable Claude W. Hicks, United States Magistrate Judge, the matter was transferred to this District. (Doc. no. 3).

The Local Rules of this Court require the presentation of an original complaint and the appropriate filing fee, or the original complaint and a petition to proceed *in forma pauperis* ("IFP"), in order to commence a civil action. See Loc. R. 4.1. However, Plaintiff commenced this action by filing a handwritten "Application for Emergency Court Order," (see doc. no. 1), instead of a complaint. Furthermore, Plaintiff's handwritten IFP motion did not contain the information necessary for the Court to determine whether Plaintiff should be granted IFP status. (See doc. no. 2). Accordingly, the Court directed Plaintiff to submit a complaint on the proper form and either a properly completed IFP motion or the requisite

$350.00 filing fee within twenty (20) days of the Court's November 24, 2009 Order. (See doc. no. 8, pp. 1-2). Plaintiff was warned that failure to comply would result in the recommendation of dismissal of this action. (Id. at 2). When Plaintiff failed to respond, the Court granted him ten (10) additional days to comply with the November 24th Order. (See doc. no. 9). Plaintiff was specifically warned in the Court's Order of December 28, 2009, that if he still failed to comply after this ten-day extension, the Court would "undoubtedly" recommend that his case be dismissed for want of prosecution. (Id. at 2 (citing Loc. R. 41.1(c))). The time for responding has expired, and Plaintiff has failed to submit an original complaint and either the appropriate filing fee or a properly completed motion to proceed IFP.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's Orders amounts not only to a failure to prosecute, but an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is a not feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of January, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE